## Friar v. Germick

Before Flannery, Lewis and Pinola, JJ.

*Lewis R. Crisman*, for plaintiff.

*Thomas E. Mack*, for defendant.

FLANNERY, J., for the court en banc, February 6, 1959.—Plaintiff's complaint states a good cause of action. It avers that the two parties, plaintiff and defendant, are owners of a parcel of land, there described, as tenants in common, that no person other than the two has any interest and that it is in the possession of plaintiff. He asks partition and such other relief as may be appropriate.

Defendant filed preliminary objections raising two matters: (1) The failure of plaintiff to submit the dispute to arbitration, and (2) the nonjoinder of an indispensable party. The first objection avers, in substance, that "plaintiff and defendant are partners" under an "agreement executed July 1, 1948" and that plaintiff has not availed himself of arbitration as required by his agreement. The second objection avers, in substance, that defendant is married; that, therefore, his wife has an interest in said realty and that she is an indispensable party to the action. Defendant

asks for judgment in both objections, and the pleading is endorsed with notice to plaintiff to plead.

To this, plaintiff, in turn, filed preliminary objections in the nature of a demurrer. In addition, he protests defendant's pleading as bringing in facts dehors the record, facts which are new and unrelated and which neither arise out of, nor are an extension of, those set forth in the complaint.

Preliminary objections of the nature filed by defendant may properly aver facts not previously appearing of record: 2 Anderson, Pa. Civil Practice 308. Thus, accepting the facts therein alleged as true, we proceed to the legal questions.

As to defendant's first objection, we adopt the view set forth in 10 Anderson, Pa. Civil Practice, at page 191. It is there stated:

"The objection that a person is bound to submit a dispute to conciliation or arbitration should therefore be regarded as a matter in bar to be pleaded as an affirmative defense rather than as a preliminary objection. Rule 1509 purports to be all-inclusive in listing the preliminary objections which are allowed. Its failure to include the objection that the parties must submit their dispute to non-judicial methods of determination must mean that such objection is to be pleaded as an affirmative defense in a responsive pleading."

On this basis defendant's first objection is dismissed.

The second objection complains that defendant's wife is an indispensable party to this action and should have been joined as a party defendant. This objection, although properly raised at this time, will also be dismissed.

There is some uncertainty in Pennsylvania as to whether a wife of a cotenant is a necessary party to a proceeding in partition instituted against the cotenant. The better rule, however, seems to be that the wife of

a cotenant is not a necessary party to partition proceedings: Sinkiewicz v. Slovick, 46 Schuyl. 123; Carl v. Jauss, 22 Dist. R. 407; Morgan v. Morgan, 74 Pitts. L. J. 393; 40 Am. Jur. 55, §67.

The inchoate right of dower of the wife of a cotenant in land is subordinate to the right of the cotenants to have the land partitioned and, hence, although the wife is not made a party, she is bound by a judgment therein. See 14 Standard Pa. Practice 59, §81. Defendant's second objection is accordingly dismissed.

Wherefore, defendant's preliminary objections are overruled and defendant is allowed 20 days within which to plead on the merits.